IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00280-REB-KLM

GEORGE D. SARNO,

      Plaintiff,

v.

JOHN REILLY,
DONALD BRIGHTWELL, and
DINO WILLIAMS,

      Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion of Objection to Defendant's Motion to Dismiss Amended Complaint** [Docket No. 22; Filed May 16, 2012] (the "Motion").  Plaintiff, who proceeds in this matter *pro se*, objects to Defendants' Motion to Dismiss [#19] on the basis that discovery has not yet been conducted in this matter; accordingly, Plaintiff seeks to have the Motion to Dismiss denied as premature.

      In the Motion to Dismiss, Defendants seek dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).  The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."  *Shero v. City of Grove, Okla.*, 510 F .3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

      Thus, motions to dismiss based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6) are

generally made prior to the initiation of discovery in a matter.  If Plaintiff's case survives resolution of the pending Motion to Dismiss, the Court will conduct a Scheduling Conference and set the parameters and deadlines for discovery at that time.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#22] is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff shall file a Response to the pending Motion to Dismiss [#19] **no later than September 4, 2012**.

Dated:  August 14, 2012