**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 12-cv-00280-REB-KLM

GEORGE D. SARNO,

     Plaintiff,

v.

JOHN REILLY,
DONALD BRIGHTWELL, and
DINO WILLIAMS,

     Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

     This matter is before me on the following: (1) the **Motion To Dismiss First**

**Amended Complaint** [#19][1] filed April 30, 2012; (2) the corresponding

**Recommendation of United States Magistrate Judge** [#27] filed January 17, 2013.

The plaintiff was granted an extension of time to March 15, 2013, to file objections to the

recommendation.  However, no objections to the recommendation have been filed.  I

approve and adopt the recommendation, grant the motion to dismiss in part, and deny it

in part.

     The plaintiff is acting *pro se*.  Therefore, I construe his filings generously and with

the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007);

***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d

---

[1]  "[#19]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

1106, 1110 (10ᵗʰ Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

No objections to the recommendation were filed. Thus, I review it only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10ᵗʰ Cir. 2005).[2]  Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff, George Sarno, is incarcerated at the Limon Correctional Facility (LCF), a part of the Colorado Department of Corrections.  According to Mr. Sarno, he has been employed for many years and in various capacities at LCF.  In his complaint, he alleges a series of events involving a disciplinary charge against him, the loss of his job, and his removal from a living unit known as the incentive living unit.  Based on these and other factual allegations, Mr. Sarno asserts a procedural due process claim under the Fourteenth Amendment, an equal protection claim under the Fourteenth Amendment, and a retaliation claim, apparently asserting a violation of the First Amendment.  Mr. Sarno seeks a declaratory judgment and injunctive relief against defendants in their official capacities as well as nominal, compensatory, and punitive damages against each defendant in his individual capacity.

In the recommendation, the magistrate judge analyzes thoroughly the allegations of the complaint and the standard applicable to a motion to dismiss.  Ultimately, the magistrate judge recommends that all of Mr. Sarno's claims against defendants Donald Brightwell and Dino Williams be dismissed under FED. R. CIV. P. 12(b)(1) & (6).  In addition, the magistrate judge recommends that the defendants' motion to dismiss be

---

[2]  This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

granted as to Mr. Sarno's claims for compensatory damages against all three defendants, and as to Mr. Sarno's procedural due process claim against defendant John Reilly.

The magistrate judge recommends that the motion to dismiss be denied as to the plaintiff's equal protection and retaliation claims against Mr. Reilly, in his individual capacity, in which the plaintiff seeks nominal and punitive damages against Mr. Reilly. The magistrate judge recommends also that the motion to dismiss be denied to the extent Mr. Sarno seeks prospective injunctive relief against Mr. Reilly, in his official capacity, based on Mr. Sarno's equal protection and retaliation claims.

I agree with the analysis, conclusions, and recommendations of the magistrate judge. Thus, this order is entered to approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#27] filed January 17, 2013, is **APPROVED** and **ADOPTED** as an order of this court;

2.  That the **Motion To Dismiss First Amended Complaint** [#19] filed April 30, 2012, is **GRANTED** in part:

    A. That under FED. R. CIV. P. 12(b)(1) & (6), all claims against defendants Donald Brightwell and Dino Williams are **DISMISSED**;

    B. That under FED. R. CIV. P. 12(b)(6), the plaintiff's procedural due process claim against defendant John Reilly is **DISMISSED**; and

    C. That under FED. R. CIV. P. 12(b)(6), the plaintiff's claims for compensatory damages against defendant John Reilly are **DISMISSED**; and

3.  That otherwise, the **Motion To Dismiss First Amended Complaint** [#19] filed April 30, 2012, is **DENIED**;

4.  That defendants Donald Brightwell and Dino Williams are **DROPPED** as defendants in this case, and the caption shall be **AMENDED** accordingly;

5.  That the remaining claims include:

A. The plaintiff's equal protection and retaliation claims against defendant John Reilly, in his individual capacity, in which the plaintiff seeks nominal and punitive damages against Mr. Reilly; and

B. The plaintiff's claims against John Reilly, in his official capacity, in which the plaintiff seeks prospective injunctive relief.

Dated March 20, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge