**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00280-REB-KLM

GEORGE D. SARNO,

    Plaintiff,

v.

JOHN REILLY,
DONALD BRIGHTWELL, and
DINO WILLIAMS,

    Defendants.

**ORDER DENYING MOTION TO APPEAL ORDER ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following: (1) the **Motion of Objection (Based on Non-Receipt of Magistrates Recommendation to the Court** [#37][1] filed March 27, 2013; and (2) the **Motion of Objection To Grant / Deny Order** [#46] filed July 8, 2013. I deny both motions.

Mr. Sarno is proceeding *pro se*. I therefore have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

---

[1] "[#37]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

In both motions, the plaintiff, George Sarno, contends he did not receive a recommendation [#27] of the magistrate judge. In the subject recommendation, the magistrate judge recommended that the motion to dismiss of the defendants be granted in part and denied in part. After de novo review, I entered an order [#33] on March 20, 2013, adopting the recommendation and granting the motion to dismiss in part and denying it in part. Considered together, Mr. Sarno's two motions are, in essence, a motion for reconsideration of my order [#33] or for relief from that order based on the contention of Mr. Sarno that he was unable to file objections to the recommendation because he did not receive the recommendation.

The bases for granting reconsideration are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). FED. R. CIV. P. 60(b) outlines a related standard of review and lists six bases on which a party may seek relief from an order or final judgment.

The docket belies the assertion of Mr. Sarno that he did not receive the recommendation. The docket reflects clearly that the recommendation was mailed to Mr. Sarno at his address of record on the date it was entered. Pursuant to the well-established common law "mailbox rule," "[w]hen mail matter is properly addressed and deposited in the United States mails, with postage duly prepaid thereon, there is a

rebuttable presumption of fact that it was received by the addressee in the ordinary course of mail. . . . Proof of due mailing is prima facie evidence of receipt." ***Sorrentino v. United States***, 171 F.Supp.2d 1150, 1152-53 (D. Colo. 2001) (citation and internal quotation marks omitted; alteration in original).  In addition, docket entries enjoy a presumption of accuracy.  ***Arnold v. Wood***, 238 F.3d 992, 995 (8th Cir.) ("In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries."), ***cert. denied***, 122 S.Ct. 400 (2001).  These strong presumptions are not surmounted by the unsworn denials of receipt made by Mr. Sarno.  ***Cf. Witt v. Roadway Express***, 136 F.3d 1424, 1429-30 (10th Cir.), ***cert. denied***, 119 S.Ct. 188 (1998).  Even if they were, they would merely create an issue of credibility for resolution by the finder of fact.  ***Id.*** at 1430.  Mr. Sarno fails to detail any efforts he made to determine whether the recommendation was received in the prison mail system and lost thereafter or otherwise why it may have failed to reach him.  I therefore find his uncircumstantiated claim of non-receipt not to be credible.  Moreover, Mr. Sarno offeres no argument suggesting that he has any meritorious objection sufficient to justify reexamining my adoption of the recommendation of the magistrate judge.

Having considered the motions of Mr. Sarno, I find that he has not cited or circumstantiated any valid grounds for reconsideration of my order [#33] or for relief under Rule 60(b). Thus, the motions must be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion of Objection (Based on Non-Receipt of Magistrates Recommendation to the Court** [#37] filed March 27, 2013, is **DENIED**; and

2. That the **Motion of Objection To Grant / Deny Order** [#46] filed July 8, 2013, is **DENIED**.

Dated February 25, 2014, at Denver, Colorado.

> **BY THE COURT:**
>
> *Bob Blackburn*
> Robert E. Blackburn
> United States District Judge