**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00280-REB-KLM

GEORGE D. SARNO,

    Plaintiff,

v.

JOHN REILLY,

    Defendant.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following:(1) the **Motion for Summary Judgment** [#57][1] of defendant John Reilly, filed December 12, 2013; and (2) the **Recommendation of United States Magistrate Judge** [#65] filed July 22, 2014.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because no objection to the recommendation was filed, I review the recommendation only for plain error. **See Morales-Fernandez v. Immigration &**

---

[1] "[#57]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Naturalization Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).  Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff, George Sarno, is incarcerated at the Limon Correctional Facility (LCF), a part of the Colorado Department of Corrections. According to Mr. Sarno, he was employed for many years and in various capacities at LCF.  In his complaint, he alleges a series of events involving a disciplinary charge against him, the loss of his job, and his removal from a living unit known as the incentive living unit.  Based on these and other factual allegations, Mr. Sarno asserted a procedural due process claim under the Fourteenth Amendment, an equal protection claim under the Fourteenth Amendment, and a retaliation claim, apparently asserting a violation of the First Amendment.  On March 20, 2013, all claims against former defendants Donald Brightwell and Dino Williams were dismissed, and all claims against defendant John Reilly were dismissed, except for the equal protection and retaliation claims against him in his individual capacity for nominal and punitive damages and in his official capacity for prospective injunctive relief. *Order* [#33].  These remaining claims against Mr. Reilly are at issue in the motion for summary judgment [#57].

In the recommendation [#65], the magistrate judge analyzes the remaining claims and the motion for summary judgment [#57] in detail.  The analysis, conclusions, and recommendation of the magistrate judge are well circumstantiated.  Thus, I approve and adopt the recommendation.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#65] filed July 22, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Motion for Summary Judgment** [#57] of defendant John Reilly, filed December 12, 2013, is **GRANTED**;

3. That based on this order and the **Order Adopting Recommendation of United States Magistrate Judge** [#33] filed March 20, 2013, **JUDGMENT SHALL ENTER** in favor of the defendants, John Reilly, Donald Brightwell, and Dino Williams, against the plaintiff, George D. Sarno, on each claim alleged by the plaintiff in his **First Amended Prisoner Complaint** [#18] filed April 3, 2012;

4. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5. That this case is **CLOSED**.

Dated August 11, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge